UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Hilton O. Chesson, | ) | Case No. 09-81328C-7D |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Lawyers Title Insurance | ) | |
| Corporation, d/b/a Lawyers | ) | |
| Title Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 09-9064 |
| | ) | |
| Hilton O. Chesson, a/k/a | ) | |
| H. O. Chesson, Jr., a/k/a | ) | |
| Chip Chesson, a/k/a | ) | |
| Hilton O. Chesson, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

OPINION AND ORDER

This adversary proceeding came before the court on February 23, 2012, for hearing on a motion for partial summary judgment that was filed by the plaintiff. The motion seeks summary judgment as to Count 3 of the complaint. Count 3 is a claim for a declaratory judgment that the defendant, Hilton O. Chesson, owes a debt to the plaintiff that is nondischargeable pursuant to section 523(a)(2) of the Bankruptcy Code. Although there was some question as to whether the plaintiff was relying upon subparagraph (A) or subparagraph (B) of section 523(a)(2), the plaintiff has confirmed that Count 3 is based upon section 523(a)(2)(B).

Section 523(a)(2)(B) is applicable where there is a debt for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by the use of a statement in writing that is materially false respecting the debtor's or an insider's financial condition on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied and that was caused to be made or published by the debtor with intent to deceive. Having considered the motion, the memoranda submitted by the parties in support and in opposition to the motion and the arguments of counsel, the court has concluded that the motion should be denied.

Summary judgment is appropriate when the matters presented to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056; Celotex Corp v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2546, 2548 (1986). In considering a motion for summary judgment, the court must construe the "facts and inferences drawn therefrom in the light most favorable to the nonmoving party." Seabulk Offshore, Ltd. v. Am. Home Assur. Co., 377 F.3d 408, 418 (4th Cir. 2004) (citing Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001)). The party moving for summary judgment has the initial burden of proving the absence of a genuine issue of material fact based on the pleadings, depositions, answers to interrogatories, admissions

on file, and affidavits, if any. <u>Celotex</u>, 477 U.S. at 323. Once the moving party has met its initial burden of proof, the non-moving party must then set forth specific facts sufficient to raise a genuine issue for trial. <u>Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1356 (1986). In determining whether to grant summary judgment, the court's role does not include weighing the evidence or making findings of fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id.</u> at 251-52.

The court is satisfied that the record before the court does not present a situation in which the plaintiff is entitled to prevail as a matter of law. The elements required in order for the plaintiff to prevail on a claim under section 523(a)(2)(B) include a showing that the defendant had the intent to deceive when he signed the affidavit referred to in the complaint and that the plaintiff's reliance upon the affidavit was reasonable. When the evidence before the court is viewed in accordance with the standard required when the court is ruling on a motion for summary judgment, the court is satisfied that material issues of fact are presented as to whether the defendant intended to deceive and whether the plaintiff's reliance was reasonable. It follows that the motion

- 3 -

for summary judgment as to Count 3 of the complaint must be denied.

    IT IS SO ORDERED.

    This 13th day of April, 2012.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Michael J. Byrne, Esq.
P.O. Box 13706
Research Triangle Park, NC 27709

John A. Northen, Esq.
P.O. Box 2208
Chapel Hill, NC 27514-2208